# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LARRY GEORGE,**

        **Petitioner,**

**v.**                                                                                        **Case No. 05-C-699**

**JUDY SMITH,**
**Warden,**

        **Respondent.**

# DECISION AND ORDER

      The *pro se* petitioner, Larry George ("George"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Specifically, George alleged that he was denied due process of law, equal protection, and his "liberty interest" when he was not granted parole by the state parole commission. The Court, in its order of October 13, 2005, held that George's claim was not cognizable as a habeas petition. The Court gave George an opportunity to convert his action to one pursuant to 42 U.S.C. § 1983, but George decided not to do so. His case, therefore, was dismissed without prejudice on November 17, 2005.

      The following day, on November 18, 2005, George filed a motion to reconsider. He did not cite any law, or allege any mistake of fact, in his motion to reconsider. As the Court noted in its order of October 13, 2005, the United States Supreme Court recently held that

when a prisoner challenges the state's parole procedures, it is not cognizable as a habeas petition. *See Wilkinson v. Dotson*, 125 S.Ct. 1242, 1248 (2005). Accordingly, the Court finds no reason to revisit its decision of October 13, 2005. George's motion to reconsider must be denied.

George also attempts to appeal this Court's decision. On December 19, 2005, George filed a notice of appeal. A petitioner can file an appeal only if "a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). After the petitioner has filed a notice of appeal, the district judge who adjudicated the petition must "either issue a certificate of appealability or state why a certificate should not issue." *Id.* The appellant must specify those issues that substantially show the denial of a constitutional right. 28 U.S.C. § 2253(c)(2) & (3). That is, the petitioner must show that reasonable jurors could debate whether the Court should have resolved the petition differently. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Court is satisfied that George has met this minimum threshold requirement. Thus, the Court will issue a certificate of appealability to George allowing him to appeal his case to the United States Court of Appeals for the Seventh Circuit.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

George's Motion to Reconsider (Docket No. 7) is **DENIED**.

George is hereby **GRANTED** a Certificate of Appealability.

Dated at Milwaukee, Wisconsin this 9th day of February, 2006.

                              **BY THE COURT**

                              s/ Rudolph T. Randa
                              **Hon. Rudolph T. Randa**
                              **Chief Judge**